IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JENNIFER ASHFORD, individually and as )
Next Friend of N.A., )
)
      Plaintiffs, ) Case No. CIV-10-1134-D
)
vs. ) (Oklahoma County District Court
)  Case No. CJ-2010-5358)
EDMOND PUBLIC SCHOOL DISTRICT, *et al.*, )
)
      Defendants. )

**O R D E R**

    Before the Court are three separate motions to dismiss, which will be addressed together because they raise common issues and advance common arguments through the incorporation of briefs. Defendant Edmond Public School District (the "District"), and all individual defendants sued in their official capacities, seek a dismissal of the action pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). *See* Doc. No. 37. Defendants Paula Carlile, Barbara Sparks, Jessele Miller, Penny Gooch, Jenny Cody, Debbie Biechler, Nancy Goosen and Dr. David Goin (hereafter referred to collectively, as in their motion, as the "Administrative Defendants") seek the dismissal of claims brought against them individually pursuant to Fed. R. Civ. P. 12(b)(6). *See* Doc. No. 38. Defendants Nathalie Kitson, Amy Joyce, and Helen Macy (hereafter referred to collectively as the "Teacher Defendants") seek the dismissal of claims brought against them individually pursuant to Fed. R. Civ. P. 12(b)(6).[1] *See* Doc. No. 32. Plaintiffs have timely opposed all motions, which are fully briefed and at issue.

---

[1] Although this motion also cites Fed. R. Civ. P. 12(b)(1), no issue of subject matter jurisdiction is raised in the supporting brief.

## Procedural Background

Plaintiff Jennifer Ashford seeks compensatory and punitive damages for herself and her minor child, N.A., under multiple federal statutes and various tort law theories asserted under the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 151-74, and common law. Plaintiffs allege that N.A. has multiple disabilities (including attention deficit hyperactivity disorder, attachment disorder, oppositional defiance disorder, post traumatic stress disorder, and developmental delay) and is disabled within the meaning of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400-85; Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213; and Rehabilitation Act of 1973, 29 U.S.C. §§ 791-94. Defendants are the District, where N.A. attended elementary school during 2007-08 and 2008-09, N.A.'s teachers and teaching assistants, supervisors of special needs teachers, a counselor, an assistant principal, and the superintendent. Briefly stated, Plaintiffs allege that the Teacher Defendants repeatedly and forcibly placed N.A. in a "time-out" or "quiet" room during the school day and kept him there for extended time periods spanning more than 15 minutes. Plaintiffs allege that this practice had no legitimate purpose or educational value, violated school policies and N.A.'s individualized education plan (or IEP),[2] and constituted child abuse. Plaintiffs further allege that this practice was concealed from N.A.'s parents until his mother discovered it, and that the District and Administrative Defendants failed to investigate or respond appropriately when N.A.'s mother complained. Specifically, Plaintiffs allege that "District personnel" falsely represented or withheld information about incidents involving N.A. and altered records after his mother complained. *See* First Am. Compl. [Doc. No. 29] at 17-18.

---

[2] The IDEA requires a school district to develop an IEP for each disabled student as a means of ensuring that the student receives a free appropriate public education. *See* 20 U.S.C. § 1412(a)(4); *see also Miller v. Board of Educ. of Albuquerque Pub. Sch.*, 565 F.3d 1232, 1236 (10th Cir. 2009).

The case originated in state court and was removed based on federal question jurisdiction under 28 U.S.C. § 1331. Immediately after removal, Defendants filed motions to dismiss, and Plaintiffs responded by requesting leave to amend their petition to satisfy federal pleading standards. The case is now proceeding under the First Amended Complaint. The Court begins by addressing the federal claims that form the basis of subject matter jurisdiction. Under the law of this circuit, "if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (internal quotations omitted); *see* 28 U.S.C. § 1367(c)(3); *see also Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995). In the context of a removed case, an order remanding the case to state court is appropriate if all federal claims are dismissed. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1865 (2009).

As pertinent here, the First Amended Complaint lists the following claims: "Count Thirteen: Substantive Due Process Violations," asserted against all defendants under the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983; "Count Fourteen: Disability Discrimination," asserted against all defendants under the Rehabilitation Act, the ADA and § 1983, and against the District under the IDEA; "Count Fifteen: Equal Protection Violation," asserted against all defendants under the Equal Protection Clause of the Fourteenth Amendment and § 1983;[3] and "Count Sixteen: Unreasonable Search and Seizure Violations," asserted against all defendants under the Fourth and Fourteenth Amendments and § 1983. Also, Plaintiffs seek damages in "Count Five: Invasion of Privacy" based, in part, on the District's alleged violation of the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, and in "Count Nine: Breach of Fiduciary Duty" based on Defendants' alleged failure to follow N.A.'s IEP.

---

[3] This count repeats the allegations of disability discrimination and IDEA violations asserted in Count Fourteen.

The District seeks dismissal on the grounds that the IDEA provides a remedy for the alleged violations of N.A.'s educational rights, and requires the exhaustion of administrative remedies as a jurisdictional prerequisite to bringing a civil action to address the alleged violations. The District also seeks the dismissal of Plaintiffs' § 1983 claims on grounds that Plaintiffs fail to allege a constitutional violation or a basis for municipal liability, and the dismissal of any claim based on an alleged violation of FERPA because the statute creates no private right of action.[4] The Administrative Defendants and Teacher Defendants seek dismissal of Plaintiffs' federal statutory claims on the grounds that individuals cannot be held liable under the IDEA, ADA or Rehabilitation Act, and they are exempt from personal liability under the Paul D. Coverdell Teacher Protection Act of 2001, 20 U.S.C. §§ 6731-38. The Administrative Defendants also assert that Plaintiffs have failed to allege a constitutional violation and that they have qualified immunity from personal liability under § 1983. The Teacher Defendants similarly raise the defense of qualified immunity.

**Standard of Decision**

"Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'" *City Of Albuquerque v. United States Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir.2002)). If the motion challenges only the sufficiency of the plaintiff's jurisdictional allegations, a district court must confine itself to the pleadings and accept the allegations as true; additional evidentiary materials may not be considered. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Where, however, the motion challenges the underlying factual basis for subject matter jurisdiction, the court's decision is not constrained by the

---

[4] The District's motion also seeks the dismissal of the official-capacity suit against individual defendants as duplicative of Plaintiff's claims against the District.

pleadings; instead, "the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence." *Paper, Allied-Industrial, Chemical & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292-93 (10th Cir. 2005) (citing *Holt,* 46 F.3d at 1002-03). In this case, the Court finds that the District's Rule 12(b)(1) motion – asserting a lack of administrative exhaustion – presents a facial attack on the sufficiency of the First Amended Complaint. The District contends that the failure to allege exhaustion of administrative remedies deprives the Court of jurisdiction over any statutory claim. Accordingly, in ruling on this contention, the Court considers only Plaintiffs' pleading and accepts the truth of the allegations presented.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The court of appeals has recognized that "the degree of specificity necessary to establish plausibility and fair notice [under Rule 8(a)(2)], and therefore the need to include sufficient factual allegations, depends on context." *See Robbins v. Oklahoma*, 519 F. 3d 1242, 1248 (10th Cir. 2008). "In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id*. at 1249-50 (emphasis in original); *see also Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009).

5

**Discussion**

**A.     Jurisdictional Issues**

    **1.     Administrative Exhaustion**

The IDEA serves "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs . . . ; to ensure that the rights of children with disabilities and parents of such children are protected; and to assist States . . . to provide for the education of all children with disabilities." 20 U.S.C. § 1400(d)(1). To accomplish these goals, the IDEA requires, among other things, "'that parents turn first to the IDEA's administrative framework to resolve any conflicts they had with the school's educational services.'" *See McQueen ex rel. McQueen v. Colorado Springs Sch. Dist. No. 11*, 488 F.3d 868, 873 (10th Cir. 2007) (quoting *Cudjoe v. Independent Sch. Dist. No. 12*, 297 F.3d 1058, 1064 (10th Cir. 2002)); *see also Ellenberg v. New Mexico Military Inst.*, 478 F.3d 1262, 1275 (10th Cir. 2007). The requirement of administrative exhaustion permits educational agencies to exercise discretion and expertise, allows the full development of technical issues and a factual record, prevents the circumvention of statutory procedures, and provides an opportunity for agencies to correct any error. *See McQueen*, 488 F.3d at 873; *see also Association for Comty. Living v. Romer*, 992 F.2d 1040, 1044 (10th Cir. 1993). Although the court of appeals recently questioned in *McQueen*, 488 F.3d at 873, whether the requirement is jurisdictional, this Court is bound to follow existing case law. *See*, *e.g.*, *Ellenberg*, 478 F.3d at 1267 (holding that district court erred in deciding merits of claim because it lacked jurisdiction due to parents' failure to exhaust the administrative process). "[I]f a student with a disability seeks to bring a claim for educational injuries, then he must plead and show either that he has exhausted his administrative remedies under the IDEA or that the relief he is seeking [is] not available under the IDEA." *Cudjoe*, 297 F.3d at 1063.

The IDEA authorizes the parent of a disabled child to present a school district with a complaint regarding any matter relating to the child's educational placement "or the provision of a free appropriate public education to such child." *See* 20 U.S.C. § 1415(b)(6). The complaint must provide the school district with notice of the nature of the problem and related facts and "a proposed resolution of the problem to the extent known and available to the parents at the time." *See id.* § 1415(b)(7)(A)(ii). If not resolved informally or through mediation, the complaint must be the subject of a due process hearing, and the hearing officer must issue a written decision. *See id.* § 1415(f), (h). The decision is subject to appeal to the state educational agency, which must make an independent decision. *Id.* § 1415(g). A party may bring a civil action only after the stage agency has issued its decision. *Id.* § 1415(i)(2)(A).

In this case, Plaintiffs do not allege or otherwise contend that they requested a due process hearing or exhausted the administrative process provided by the IDEA. Instead, they assert that exhaustion should be excused for various reasons. Plaintiffs argue that 1) they had no obligation to utilize the administrative process because the District did not provide a notice of IDEA rights; 2) N.A.'s mother attempted to exhaust by making a complaint and using informal efforts that went unanswered; 3) they seek relief different from any educational remedy available under the IDEA; 4) exhaustion would be futile; and 5) the underlying purposes of exhaustion were satisfied by Plaintiffs' participation in the IEP process. Only the third and fourth points argued by Plaintiffs are supported by legal authority or a judicially-recognized exception to the exhaustion requirement. Plaintiffs provide no case law to support the proposition that exhaustion depends on the receipt of a particular IDEA notice.[5] Nor do Plaintiffs provide any authority for their arguments that informal

---

[5] Plaintiffs concede in briefing that N.A.'s mother was assisted by legal counsel during the IEP process and that her rights were explained in the parents' handbook published by the Oklahoma State Department of Education. *See* Pl.'s Resp. Br. [Doc. No. 41] at 7. Thus, Plaintiffs plainly had access to information about their rights and obligations.

efforts to resolve a complaint or mere participation in the IEP process is sufficient. Accordingly, the Court addresses only the recognized exceptions argued by Plaintiffs, namely, availability of relief and futility.

The court of appeals has "recognized that '[e]xhaustion is not required . . . where it would be futile or fail to provide adequate relief.'" *McQueen*, 488 F.3d at 874 (quoting *Romer*, 992 F.2d at 1044) (alteration in *McQueen*); *see also Honig v. Doe*, 484 U.S. 305, 327 (1988). However, "'[a]dministrative remedies are generally inadequate or futile where plaintiffs allege structural or systemic failure and seek systemwide reforms.'" *McQueen*, 488 F.3d at 874 (quoting *Romer*, 992 F.2d at 1044); *see Ellenberg*, 478 F.3d at 1277; *Urban by Urban v. Jefferson County Sch. Dist. R-1*, 89 F.3d 720, 725 (10th Cir. 1996). In this case, Plaintiff does not allege any factual circumstances to support a finding that the administrative process was inadequate or that utilizing it would have been futile.

Administrative exhaustion also is not required "if the relief plaintiffs seek is not 'available' under the IDEA." *Ellenberg*, 478 F.3d at 1276 (citing 20 U.S.C. § 1415(i)(2) and *Cudjoe*, 297 F.3d at 1065). The court of appeals has described this exception as follows:

> Relief is available whenever the plaintiff could attain relief for the events, condition, or consequences of which the person complains, not necessarily relief of the kind the person prefers. The dispositive question generally is whether the plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies.

*Ellenberg*, 478 F.3d at 1276 (internal quotations and citations omitted). The explanation for this broad interpretation of "available" relief was explained in *Padilla ex rel. Padilla v. School Dist. No. 1*, 233 F.3d 1268, 1274 (10th Cir. 2000):

> [O]ur primary concern in determining whether a plaintiff must utilize the IDEA's administrative procedures relates to the source and nature of the alleged injuries for which he or she seeks a remedy, not the specific remedy itself. In essence, the dispositive question generally is whether the plaintiff has alleged injuries that could

be redressed to any degree by the IDEA's administrative procedures and remedies. If so, exhaustion of those remedies is required. If not, the claim necessarily falls outside the IDEA's scope, and exhaustion is unnecessary. Where the IDEA's ability to remedy a particular injury is unclear, exhaustion should be required in order to give educational agencies an initial opportunity to ascertain and alleviate the alleged problem.

*Accord Cudjoe*, 297 F.3d at 1066-67. The court of appeals has expressly rejected the argument "that exhaustion will be excused because relief is no longer 'available' at the time the plaintiff seeks to file a civil suit if relief was available at the time the alleged injuries occurred." *Cudjoe*, 297 F.3d at 1067. "Plaintiffs should not be permitted to 'sit on' live claims and spurn the administrative process that could provide the educational services they seek, then later sue for damages." *Id*. (internal quotation omitted).

In light of the broad reach of the exhaustion requirement, it is clear that Plaintiffs' alleged injuries could have been addressed to some degree by the IDEA's administrative procedures and remedies at the time the injuries occurred. Plaintiffs complain that N.A. suffered educational and psychological injuries in incidents involving inappropriate use of "time out" rooms. In particular, the First Amended Complaint states:

> The District discriminated against the minor plaintiff herein because of his disability by failing to develop, implement, or maintain appropriate Individual Education Plans, providing for a Free Appropriate Public Education as defined in 20 U.S.C. §1401(8), including: (1) the failure to provide required appropriate behavior strategies, including positive behavioral interventions, strategies and supports as required in 20 U.S.C. §1414(d)(3)(B)(I) based on accurate data collection methods such as a functional behavioral analysis under 20 U.S.C. §1415(k)(1)(B); and (2) failing to provide for proper techniques, devices, training, procedures, and practices on how to restrain, control, or discipline children with special needs; and (3) imposing discipline, including use of the "time out" or "quiet" room, physical batteries and emotional threats for behavior caused by and as a result of his disabilities.

*See* First Am. Compl. [Doc. No. 29], ¶¶ 117, 129. Plaintiffs specifically allege, among other things, that Defendants' conduct denied N.A. "full participation in and the benefits of his educational rights

9

as provided for in the IDEA and OSDE policies." *See id*. ¶¶ 114, 126. Further, in support of one of Plaintiffs' tort theories, the First Amended Complaint also accuses Defendants of "failing to educate N.A.; failing to provide occupational therapy; failing to provide appropriate therapeutic modalities and . . . implementing certain disciplinary techniques contrary to the provisions in the IEP including but not limited to the use/abuse of the 'time-out' or 'quiet room;' improper restraint and physical abuse." *See id*. ¶ 81. Plainly, Plaintiffs are complaining of events, conditions, and consequences that could be redressed through the IDEA's administrative procedures. Similar allegations of the inappropriate use of a time-out room and physical restraint of a disabled student were raised in *Couture v. Board of Educ*., 535 F.3d 1243 (10th Cir. 2008), and subjected to the administrative process. The court of appeals expressly held in *Hayes ex rel. Hayes v. Unified Sch. Dist. No. 377*, 877 F.2d 809, 813 (10th Cir. 1989), that administrative exhaustion was required under the IDEA's predecessor statute for claims regarding the use of time-out rooms. Accordingly, the Court finds that administrative exhaustion was not excused due to a lack of available relief.

Therefore, the Court finds that the First Amended Complaint fails to allege facts that establish administrative exhaustion or an exception thereto, and thus, Plaintiffs' action under the IDEA must be dismissed for lack of jurisdiction.

### 2. Effect of Lack of Exhaustion

The requirement of administrative exhaustion extends to ADA and Rehabilitation Act claims "that are educational in nature if . . . relief for [plaintiffs'] injuries is available under the IDEA." *See Ellenberg*, 478 F.3d at 1267; *see also Cudjoe*, 297 F.3d at 1063. Also, a plaintiff cannot proceed directly to court under 42 U.S.C. § 1983 to obtain relief that is available under the IDEA. *See Padilla*, 233 F.3d at 1274. Although Plaintiffs in this case assert their § 1983 claims under the rubric of substantive due process and equal protection, the allegations presented in support of these

legal theories consist simply of conclusory statements that N.A.'s liberty interest was violated by conscience-shocking conduct and that N.A. was treated differently than non-disabled students. In fact, except for replacing statutory references with a reference to the Fourteenth Amendment, the allegations characterized as an equal protection claim are identical to those presented in support of a disability discrimination claim under the ADA and Rehabilitation Act. *See* First Am. Compl. [Doc. No. 29], *compare* ¶¶ 108-118 *with* ¶¶ 120-130. Under these circumstances, the Court finds that Plaintiffs' claims under the ADA, Rehabilitation Act, and § 1983 to obtain relief for the same conduct that allegedly violated the IDEA are precluded by Plaintiffs' failure to allege the exhaustion of administrative remedies. Accordingly, all federal claims should be dismissed for lack of subject matter jurisdiction.[6]

## B. Failure to State a Claim

### 1. 42 U.S.C. § 1983 - Denial of Substantive Due Process

To the extent Plaintiffs' § 1983 claim alleging a denial of substantive due process is not barred by the lack of administrative exhaustion, Defendants contend that Plaintiffs fail to state a cognizable claim because their factual allegations fail to show a constitutional violation, provide no basis for municipal liability, and fail to overcome the individual defendants' qualified immunity. Were the Court to reach the merits of this claim, it would agree that Plaintiffs fail to allege a constitutional violation and fail to allege the existence of a District policy or the violation of a clearly established right.

In *Couture*, a mother of an elementary school student claimed that school officials violated her child's right to procedural due process through the repeated use of a time-out room to exclude

---

[6] To the extent Plaintiffs' claims under the IDEA, ADA and Rehabilitation Act are not subject to dismissal for lack of administrative exhaustion, the Court would find that Plaintiffs fail to state a cognizable claim against the individual defendants. These federal statues apply only to recipients of federal funds, and Plaintiffs do not allege that any individual defendant personally receives federal funding.

him from the classroom without a hearing. While the right asserted in this case is one of substantive rather than procedural due process, the Due Process Clause of the Fourteenth Amendment protects only a constitutionally recognized property or liberty interest. *See Couture*, 535 F.3d at 1256-57. In *Couture*, the court of appeals concluded that the use of time-outs, unless used excessively to become the functional equivalent of a school suspension, did not implicate a constitutionally protected interest. *See id.* at 1257. Similarly here, Plaintiffs provide no factual allegations to suggest that the alleged use of a time-out room for N.A. implicated a liberty or property interest. School discipline also may implicate a child's due process right in instances of excessive cruelty or brutality. *See Harris v. Robinson*, 273 F.3d 927, 930-31 (10th Cir. 2001). No such facts are alleged in this case. Therefore, the Court finds that Plaintiffs fail to state a substantive due process violation.

Further, the District may be held liable under § 1983 only if Plaintiffs allege facts to show that the purported constitutional deprivation was the result of an established policy, a longstanding practice or custom, or the conduct or decision of a final policymaker. *See*, *e.g.*, *Moss v. Kopp*, 559 F.3d 1155, 1168-69 (10th Cir. 2009). In opposition to the District's contention that no district-wide policy is alleged, Plaintiffs point to allegations in the First Amended Complaint that Defendants' actions were "customary and widespread" and that they "exhibited a widespread custom and practice of failing to train and supervise any and all employees in the appropriate and proper implementation of school, local, state and national policies and procedures." *See* First Am. Compl. [Doc. No. 29] ¶¶ 101, 105. These vague, conclusory allegations fail to identify a custom or practice of the District on which its liability for any substantive due process violation could be based. Plaintiffs also point to various references in the First Amended Complaint to state and local policy. Plaintiffs do not

explain, however, how these allegations establish a policy or custom of the District that caused N.A. to suffer the alleged constitutional violation.

The individual defendants assert the defense of qualified immunity, which protects them from personal liability under § 1983 unless they violated a constitutional right that was clearly established at the time of their conduct under the circumstances of the case. *See Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010); *Archuleta v. Wagner*, 523 F.3d 1278, 1282-83 (10th Cir. 2008). Plaintiffs have failed to respond to the individual defendants' qualified immunity defense with argument showing that a student's right of substantive due process in this context was "'clearly established by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits.'" *See Mink*, 613 F.3d at 1001 (quoting *Archuleta*, 523 F.3d at 1283). Plaintiffs rely on a state law, as expressed in a policy of the Oklahoma State Department of Education, as providing notice to the individual defendants that their conduct was unlawful. *See* Pls.' Resp. Br. Mot. Dism. Administrative Defs. [Doc. No. 43] at 24; Pls.' Resp. Br. Mot. Dism, Teacher Defs. [Doc. No. 42] at 5. This state law or policy does not establish a federal constitutional right. Therefore, the individual defendants are entitled to dismissal of Plaintiffs' substantive due process claim based on their defense of qualified immunity.

### 2. 42 U.S.C. § 1983 - Unreasonable Search and Seizure

Plaintiffs allege in Count Sixteen that Defendants violated N.A.'s Fourth Amendment right to protection from an unreasonable search or seizure. The following facts are alleged to support this claim: "Defendants ordered and forced N.A. to be removed from class, taken to a place within the school, forced to remove his clothing which was searched, along with his person, for no legitimate or reasonable purpose." *See* First Am. Compl. [Doc. No. 29], ¶ 132. It is unclear from Plaintiffs' pleading whether this alleged incident occurred when N.A. was placed in the time-out room or at

some other time under different circumstances.[7] To the extent this Fourth Amendment claim is part of Plaintiffs' challenge to the use of time-out rooms, it is subject to the same requirement of administrative exhaustion that governs Plaintiffs' other federal claims. To the extent it is a separate claim involving other circumstances, the Court agrees with Defendants' position that Plaintiffs' pleading fails to state a plausible claim against any particular defendant. Plaintiffs' factual allegations are insufficient to provide any individual defendant or the District with fair notice as to the basis of any Fourth Amendment claim asserted, and Plaintiffs have failed to supply any facts in their briefs in opposition to dismissal that would clarify their claim. Accordingly, Plaintiffs' claim of unreasonable search and seizure is subject to dismissal for this additional reason.

### 3. No Private Right Under FERPA

Plaintiffs purport to assert a common law claim founded on an alleged violation of a right of privacy created by FERPA and state law. To the extent Plaintiffs seek to recover damages for a violation of FERPA, the Supreme Court has unequivocally held that "FERPA's nondisclosure provisions fail to confer [individually] enforceable rights" and provide no basis for a private right of action. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002). Therefore, Plaintiffs fail to state a claim for relief based on any FERPA violation that occurred.

### 4. Official Capacity Claims

An official capacity suit is "only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotation omitted). It "is, in all respects other than name, to be treated as a suit against the entity . . . for the real party in interest is the entity." *Id*. at 166; *see Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 & n.2 (10th Cir. 1998); *Johnson v. Board of County Comm'rs*, 85 F.3d 489, 493

---

[7] Plaintiffs allege elsewhere in the First Amended Complaint that N.A. was once left in the time-out room until he was forced to urinate, which presumably caused a change of clothes. *See id*. ¶ 21.

(10th Cir. 1996). In other words, bringing a suit against a public employee in his official capacity "is the same as bringing a suit against the [public employer]." *See Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009). In this case, Plaintiffs have sued both the District and its employees appearing in their official capacities. Plaintiffs' action against individual officials simply duplicates their action against the District and serves no purpose that can be identified from Plaintiffs' response brief. Accordingly, the Court finds that Plaintiffs' official-capacity claims are unnecessary under federal law and should be dismissed.

## Conclusion

Therefore, the Court finds that it lacks jurisdiction over Plaintiffs' federal claims due to lack of administrative exhaustion and, alternatively, that the First Amended Complaint fails to state claims under § 1983 and FERPA for which relief can be granted. Because all federal claims are subject to dismissal, the Court declines supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c)(3).

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss [Doc. No. 32, 37 and 38] are GRANTED as set forth herein. All federal-law claims are dismissed without prejudice to refiling. All state-law claims asserted in the First Amended Complaint are REMANDED to the District Court of Oklahoma County, Oklahoma.

IT SO ORDERED this 28th day of September, 2011.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE